No. 1812. Minton *v.* Pickens. November Term, 1885. Warren Minton brought this action against Polly Pickens and her husband, Paul, for the partition of a lot of land in the city of Columbia. Plaintiff claimed that under a declaration of trust from one Lee, trustee, in favor of Polly and her daughter, Jeannette (wife of plaintiff), and the subsequent death, intestate, of said Jeannette, he was entitled to one-fourth interest, and the defendant, Polly Pickens, to three-fourths interest. The defendants claimed that Paul Pickens paid for the lot and all improvements erected thereon; that Lee held as trustee for Paul; that the declaration of trust by Lee in favor of Polly and Jeannette was made upon the procurement and false assertions of plaintiff, without the knowledge of defendants; that Polly and Jeannette had paid nothing for the lot or its improvements, and that Lee was dead. Upon an issue submitted to the jury, they found that plaintiff had no interest in this lot. The Circuit Judge (Witherspoon) approved this finding, and dismissed the complaint. On appeal by plaintiff, *held*—

1. The verdict of a jury upon an issue submitted to them in a chancery case, and its confirmation by the judge, approved, not being against the weight of the testimony.

2. Section 400 of the Code does not render a defendant to an action for partition incompetent to testify to communications between himself and a former trustee of the property, now deceased, under whom plaintiff claimed, the plaintiff not holding any of the relations to the deceased specified in this section.

3. Testimony not objected to at the time is competent.

4. A new trial will not be granted for admission of testimony, which, even if incompetent, was not considered by the Circuit Judge in reaching his conclusions.

5. Where a party takes a deed in his own name, but for the benefit of A, who paid the money, and afterwards declares a trust for the use of the wife of A and her daughter, who have knowledge of the trust, they can claim no interest in the land, but it is the property of A. Opinion by Mr. Chief Justice Simpson,

February 22, 1886.   *Sawyer & Sawyer, John Bauskett,* for appellant.   *J. P. Thomas, jr.,* contra.